IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

THOMAS A. MUNN,

    Petitioner,

v.                                                   CASE NO. 4:04-cv-00154-MP-AK

JAMES R. MCDONOUGH,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, Petition for Writ of Habeas Corpus, filed by Thomas A. Munn. Respondent has filed his response, Doc. 10, and Petitioner has filed a reply. Doc. 11. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

On April 9, 1991, Petitioner pled guilty to one count of second degree murder and one count of attempted second degree murder and was sentenced to two concurrent 15-year sentences with concurrent minimum mandatory sentences of 3 years. Doc. 10, App. at 63-67. He was given 372 days of jail credit. *Id*. On July 28, 1999, Petitioner was released from custody on conditional release supervision. *Id*. at 74.

On January 16, 2001, a warrant was issued for Petitioner for violations of the conditions

---

[1] James Crosby is no longer the Secretary of the Department of Corrections, and James R. McDonough, the present secretary, is hereby substituted in his stead. The attorney general is not a proper respondent, as he is not Petitioner's custodian.

of his supervised release. *Id*. at 79.  More specifically, the Florida Parole Commission charged that Petitioner had knowingly associated with a person who was engaged in criminal activity and that he had failed to "promptly and truthfully answer all questions and follow all instructions...in that...he was instructed...not to have contact with Stacy Nagle, and this he failed to do...." *Id*. The Commission subsequently revoked Petitioner's conditional release based on his admissions that he failed to follow the conditional release officer's instructions with regard to Stacy Nagle. *Id*. at 80.  On March 28, 2001, Petitioner was "returned to the custody of the Department of Corrections, there to remain not to exceed his sentence or until further order of the Commission." *Id*.  The effective date of the order was January 16, 2001. *Id*.  At that time, the Department of Corrections, pursuant to Fla. Stat. Ann. § 944.28(1),[2] forfeited 1,380 days of basic gain time and 1,056 days of incentive gain time. *Id*. at 56-8.

Thereafter, Petitioner filed a petition for writ of habeas corpus against the Parole Commission challenging the revocation of conditional release on the ground that the revocation was predicated on the violation of an invalid special condition.  *Id*. at 1-14.  This proceeding did not attack the forfeiture of gain time.  The state court subsequently denied the petition, finding:

> The Petitioner was required by the conditions of his supervision to avoid the use or possession of narcotics, drugs, or marijuana and to avoid associating with any person engaged in criminal activity.  The Court finds that the Conditional Release Officer's instruction that the Petitioner was to remove himself from the residence and to avoid contact with Stacy Nagle was rationally related to the purposes of Conditional Release supervision, specifically to ensure compliance with the conditions of supervision that prohibited the use or possession of narcotics, drugs, or marijuana and associating with persons engaging in criminal activity.

---

[2] Section 944.28(1) provides that the Department "may, without notice or hearing, declare a forfeiture of all gain-time earned...by such prisoner prior to...conditional release...."

*Id*. at 25-6.

On February 7, 2002, while the habeas petition was pending in state court, Petitioner filed a Petition to Invoke All Writs Jurisdiction in the Florida Supreme Court challenging the gain-time forfeiture. *Id*. at 27-36. The supreme court declined to accept jurisdiction and transferred the petition to the Circuit Court of Leon County, Florida. *Id*. at 37. On or about September 6, 2002, the circuit court denied the petition, stating:

> The Court concludes plaintiff's first argument [that the forfeiture should reflect only that amount of basic gain time attributable to time served prior to his release and that he should receive basic gain time on the post-conditional release revocation portion of his sentence] was decided adversely to his position by the decision and analysis set forth in Hull v. State. As to plaintiff's second argument, the Court finds the forfeiture of all gain time based upon revocation of conditional release supervision is automatic. In this regard, the Court concludes plaintiff's ex post facto theory is based on a faulty premise, and his reliance on Singletary v. Jones, is misplaced.
>
> Finally, this Court rejects plaintiff's assertion that resort to the administrative grievance process would be futile....

*Id*. at 84 (citations omitted).

Petitioner then sought review of this ruling via a petition for writ of certiorari in the court of appeal on grounds that the Department's forfeiture of his gain time violated due process and the Ex Post Facto Clause. *Id*. at 86-108. On May 12, 2003, the court of appeal denied the petition without written opinion. *Id*. at 124. The mandate issued on July 8, 2003. *Id*. at 125. Thereafter, the United States Supreme Court denied certiorari on October 14, 2003. Doc. 10 at 3.

While the certiorari petition was pending, Petitioner filed a petition for writ of mandamus in the lower court seeking 903-days credit for time he served on conditional release before the

revocation. Doc. 10, App. at 126-76. This petition was denied as well, the court finding (1) that only the Parole Commission, not the Department of Corrections, has the authority to "award credit for all or any part of the time petitioner served on conditional release supervision" and (2) that Petitioner's double jeopardy argument was foreclosed by court precedent. *Id*. at 190-91. Petitioner appealed that ruling, which was affirmed without written opinion. *Id*. at 247.

The instant petition ensued. On this occasion, Petitioner claims that the Department unforeseeably changed the manner in which it calculated the forfeiture of gain time and retroactively applied that change to deprive him of his liberty interest in 800 days of gain time. Doc. 1.

**DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

>   (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>   (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court

applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001).

The fact that the appellate court does not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002). Under § 2254, the Court is to focus on the result of the state proceeding, not the reasoning underlying it, since all that is required for a state-court adjudication on the merits is a rejection of a claim on the merits, not an explanation. *Id*. at 1254-55.

Settled circuit court precedent interpreting Supreme Court decisions is not determinative of clearly established federal law. Instead, this Court must look to the specific holdings of Supreme Court cases themselves. If the Supreme Court has not issued a specific holding on the issue at hand, then the state court's decision is not contrary to or an unreasonable application of clearly established federal law. *Carey v. Musladin*, ____ U.S. ____, 127 S.Ct. 649, 654, 166 L.Ed. 2d 482 (2006).

Any claim that Petitioner has regarding an alleged violation of the Ex Post Facto Clause is meritless. Petitioner's argument hinges on what he perceives as an expansive reading of the gain time statutes and regulations by the court in *Singletary v. Jones*, 681 So.2d 836 (Fla. Dist. Ct. App. 1996). The Ex Post Facto Clause "is a limitation upon the powers of the Legislature and does not of its own force apply to the Judicial Branch of the government." *Marks v. United States*, 430 U.S. 188, 191 (1977). However, the "right to fair warning of that conduct which will give rise to criminal penalties is fundamental to our concept of constitutional law" and "is protected against judicial action by the Due Process Clause...." *Id*. at 192.

In Petitioner's state court proceedings, the court determined that Petitioner's reliance on *Singletary* was "misplaced" and that his theory was based on a "faulty premise." Doc. 10, App. at 84. The Court agrees. As *Singletary* makes clear, it made no change in the law regarding the Department's "lump sum award of all basic gain time" at the beginning of an inmate's period of incarceration and thus its right to forfeit all of that time, not a pro rata share as Petitioner suggests. *See Singltary*, 681 So.2d at 837 ("This approach is also consistent with the department's prior rules"). Consequently, there was no lack of notice of a change, and thus, no due process violation.

Because the Court has reached the merits of Petitioner's claims, it need not address either the timeliness or exhaustion issues raised in the response.

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *7th* day of March, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**